UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| VANESSA ROUSE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MURPHY OIL, USA, *et al.*, )<br>)<br>Defendants. )<br>) | Civil No. 6:24-cv-00026-GFVT-HAI<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Post-removal stipulations are commonly deployed by plaintiffs seeking to return to state court. But a stipulation reducing amount in controversy may not suffice to shirk federal jurisdiction. In state court discovery, Plaintiff Rouse identified damages exceeding $200,000. Eight months after removal, she requested remand and stipulated to damages under $75,000. Because Ms. Rouse's post-removal stipulation reduces, rather than clarifies, the amount in controversy, her Motion to Remand **[R. 19]** is **DENIED.**

**I**

In September 2022, Plaintiff Rouse was pumping gasoline at a Murphy USA gas station in Hazard, Kentucky.[1] [R. 1-2 at 2.] As she did so, "the gasoline pump malfunctioned, causing gas to shoot out of the nozzle into her eyes, face, mouth and chest[.]" *Id.* at 2–3. The incident resulted in "serious and permanent injuries." *Id.* Seeking damages for alleged negligence, Ms. Rouse filed suit against Murphy USA and its partner, Walmart. *Id.* at 3. On February 22, 2024, the Defendants removed her lawsuit from Perry Circuit Court on the basis of diversity

---

[1] The facts recounted here are taken from the Plaintiff's state court complaint at R. 1-2.

jurisdiction. [R. 1.]

Plaintiff Rouse is a resident of Kentucky. [R. 1 at 3; R. 1-2 at 1.] Defendants Murphy Oil USA, Inc. and Walmart, Inc. f/k/a/ Walmart Stores, Inc are citizens of Delaware and Arkansas. [R. 1 at 3.] Similarly, based on the citizenship of its partner LLCs and their members and sub-members, Defendant Walmart Stores East, Limited Partnership, is a resident of Arkansas and Delaware. *Id.* at 3–4. Thus, diversity of citizenship is not in issue.

Rather, the locus of the parties' disagreement is the amount in controversy requirement. First, the parties contest the amount of damages in issue. Second, they dispute whether Ms. Rouse's post-removal stipulation suffices to defeat federal jurisdiction.[2] Plaintiff Rouse's Stipulation declares "I, Vanessa Rouse, state that I have read the statements contained in the foregoing Motion to Remand, and that they are true and correct as I verily believe." [R. 19 at 2.] The motion, itself, advises that "Plaintiff stipulates that her damages do not exceed Seventy-Five Thousand Dollars ($75,000.00)." [R. 19 at 1.]

## II

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original federal question jurisdiction over civil actions that arise under the "Constitution, laws, or treaties" of the United States pursuant to 28 U.S.C. § 1331. This Court also has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between parties who are "citizens of different States." *See* 28 U.S.C. § 1332(a).

---

[2] Initially, the Defendants failed to respond to Ms. Rouse's Motion to Remand. Because the Defendants previously asserted that Ms. Rouse identified damages in excess of $75,000, the Court directed the Defendants to respond. [R. 21.] The Defendants then responded in opposition. [R. 22.]

2

Federal courts are courts of limited jurisdiction, and therefore any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted). In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

"[A] defendant seeking to remove an action to federal court [bears the burden of establishing] by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). However, he need not "prov[e] to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Id.* "Thus, because the burden is on the defendant seeking removal, [the Defendants] must initially show by a preponderance of the evidence that the amount in controversy exceeds this Court's jurisdictional minimum of $75,000." *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 778 (E.D. Ky. 2014). If they can do so, "the Court must then consider whether [Ms. Rouse's] post-removal stipulation effectively defeats the jurisdiction of this Court by unequivocally limiting damages below the jurisdictional threshold." *Id.*

**A**

"When a post-removal stipulation is the first specific statement of the alleged damages then it is considered a *clarification*, rather than a reduction, and the case may be remanded." *Tankersley*, 33 F. Supp. 3d at 780; *see also Cole*, 728 F. Supp. at 1305. Moreover, "courts in this district remand cases wherein the post-removal stipulation . . . is the first specific statement of

3

the alleged damages" and clarifies the amount in controversy. *Tankersley*, 33 F. Supp. 3d at 780; *see also Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002) ("[W]here a plaintiff provides specific information about the amount in controversy for the first time, it should be deemed a *clarification* rather than a change." (citing *Cole*, 728 F. Supp. at 1305)). When a case is remanded pursuant to a post-removal stipulation, "the plaintiff is bound to recover no more than the damages to which he stipulated upon his return to state court." *Tankersley*, 33 F. Supp. 3d at 780; *see Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013); *see also Ratliff v. Merck & Co.*, 359 F. Supp. 2d 571, 576 (E.D. Ky. 2005); *Coppola v. Wal-Mart Stores E., LP*, No. 16-67-GFVT, 2016 WL 4491838, at *2 (E.D. Ky. Aug. 25, 2016).

However, "events occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Bowling v. Ryan*, No. CIV.A. 6:05-331-DCR, 2005 WL 1875465, at *2 (E.D. Ky. July 29, 2005) (citing *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938)). Consistent with this principle, a post-removal stipulation *reducing* the amount in controversy does not necessitate remand. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *see also Tankersley*, 33 F. Supp. 3d at 780 (suggesting, without deciding, that *Rogers* "remains good law" after the Supreme Court's decision in *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007) (holding that "a case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand")); *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 479–80 (6th Cir. 2019) (Griffin, J., dissenting) (recognizing disagreement among district courts as to whether *Powerex* abrogated *Rogers*); *Fenger v. Idexx Lab'ys, Inc.*, 194 F. Supp. 2d 601, 604 (E.D. Ky. 2002)

4

(identifying some ambiguity in "[t]he breadth of the Sixth Circuit's new holding in *Rogers*[,]" but noting that *Cole*, 728 F. Supp. at 1305, survives *Rogers*).

**B**

Ms. Rouse's post-removal stipulation reduces, rather than clarifies, the amount in controversy. In pre-removal interrogatory responses, Plaintiff Rouse specified $186,355.12 in medical expenses. [R. 23-1.] She additionally identified over $50,000 in temporary disability and lost wages. *Id.* Finally, her responses expressed an intention to later provide approximate figures for future medical expenses and pain and suffering. *Id.* In total, these representations easily support a damages figure exceeding $200,000.

Ms. Rouse's Motion to Remand makes no mention of these previous representations. [R. 19.] Still, her interrogatory responses provide a clue as to her reasoning. Plaintiff Rouse's responses advise that "[b]ecause of the Supreme Court ruling of *Fratzke v. Murphy*, 12 S.W.3d 269 (Ky. 1999) and its progeny, Plaintiff feels obligated to submit greater amounts than she plans to request from a jury on this matter and believes it is for the jury to fix an amount of reasonable compensation under the law and the facts of this case." [R. 23-1 at 3.]

In *O'Neil v. Primmel*, Judge Thapar rejected a similar argument from remand-hopeful plaintiffs. No. CIV. 11-63-ART, 2011 WL 3651052, at *2 (E.D. Ky. Aug. 18, 2011). The *O'Neil* movants insisted that Kentucky Rule of Civil Procedure 8.01(2), and the Kentucky Supreme Court's interpretation of that rule in *Fratzke*, required them to "exaggerate" their damages in interrogatory responses. *Id.* Finding themselves in federal court on the basis of these responses, they stipulated to a reduction in damages and sought remand to state court. *Id.* at *2–3. Unpersuaded by this attempt to shirk federal jurisdiction, Judge Thapar rejected the notion that "Rule 8.01(2) give[s] plaintiffs license to exaggerate [.]" *Id.* at *2. To the contrary, he

5

explained, "The Kentucky Supreme Court has repeatedly held that Rule 8.01(2) allows plaintiffs to supplement answers to interrogatories if they later discover more damages." *Id.* "In fact, in *Fratzke*, which [plaintiffs] cite as imposing a strict reading of Rule 8.01(2), the court held that the rule 'effectively creates' a duty to supplement answers 'by providing the consequence of failing to supplement.'" *Id.* (citing *Fratzke v. Murphy*, 12 S.W.3d 269, 272 (Ky. 1999)). To the extent Ms. Rouse implicitly advances a similar argument via her *Fratzke* disclaimer, the Court is persuaded by Judge Thapar's reasoning and will reject that argument. *See id.* ("[Plaintiffs] had no basis to exaggerate in a sworn document and cannot suddenly disown their answers now that they find themselves in federal court.").

Given the figures identified in Ms. Rouse's interrogatory responses, the Defendants have carried their burden of establishing that the amount in controversy exceeds $75,000. Further, because Ms. Rouse's post-removal stipulation reduces the amount in controversy, it does not require remand. *See Rogers*, 230 F.3d at 872 ("If plaintiffs were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable. Moreover, the interests of simplicity and uniformity dictate that post-removal stipulations be treated just like any other post-removal event."); *cf. Hoop v. Wal-Mart Stores E., L.P.*, No. CIV. 13-115-GFVT, 2014 WL 1338704, at *6 (E.D. Ky. Mar. 31, 2014) (pre-removal stipulation). And, in any event, the Court is not persuaded that her stipulation is unequivocal. Ms. Rouse does not cite—and the Court is not aware of—any Sixth Circuit case law suggesting that the language of her stipulation is binding. *Cf. Tankersley*, 33 F. Supp. 3d at 776, 781. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Ms. Rouse's Motion to Remand **[R. 19]** is **DENIED.**

6

This the 17th day of January, 2025.

Gregory F. Van Tatenhove
United States District Judge